UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:07CV-19-M**

**TERESIA BALL and**                                                 **PLAINTIFF**
**DONNA MANOS**

vs.

**SENSUS METERING SYSTEMS INC., and**
**HARTFORD LIFE and ACCIDENT INSURANCE**
**COMPANY**                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants 12(b)(6) Motion to Dismiss [DN 24]. Fully briefed, this matter is ripe for decision. Defendant Sensus Metering Systems Inc. submits that the Plaintiffs' state law claims are preempted by ERISA and therefore should be dismissed.

**Facts**

Freddie Ball was an employee of Defendant Sensus. He died in August, 2005. Prior to his death, in October, 2004, Ball applied for a group life insurance policy. A policy was issued, and premiums for the policy were withheld from Ball's paychecks. After his death, Defendants denied the payment of his death benefits under the policy. The basis for denial was that Ball failed to complete a statement of personal health when he applied for benefits under the policy. The Plaintiffs allege that the benefits were wrongfully denied in violation

of ERISA. The Amended Complaint also levies claims of breach of contract, breach of fiduciary duty, negligence, estoppel, and wrongful interference with contract. Defendant asserts that any claims founded in state law are completely preempted by the federal legislation of ERISA.

## Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996). A judge may not grant a Fed.R.Civ.P. 12(b)(6) motion based on disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir.1995). A Fed.R.Civ.P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

This standard of review requires "that a plaintiff plead more than bare legal conclusions." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726. In deciding a motion to dismiss, the Court "may consider all papers and exhibits appended to the complaint, as well as any

matters of which judicial notice may be taken." Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## Discussion

The Plaintiffs' Amended Complaint states that the jurisdiction of this Court is premised on the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. Both parties agree that this is an ERISA action, but the Plaintiffs allege state law claims in addition to ERISA claims. The United States Supreme Court has indicated that § 1132 of the statute, which outlines the causes of action available to claimants, was intended by Congress to be the "exclusive remedy" for rights guaranteed under ERISA. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990).

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "[W]hen a state law claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA, there will be preemption." Briscoe v. Fine, 444 F.3d 478, 498 (6th Cir.2006) (citation omitted). A Plaintiff may not evade ERISA's expansive preemption by "merely attach[ing] new, state-law labels to the ERISA claims for breach of fiduciary duty and recovery of benefits, for the apparent purpose of obtaining remedies that Congress has chosen not to make available under ERISA." Smith v. Provident Bank, 170 F.3d 609, 615 (6th Cir.1999).

Plaintiffs submit that their state law claims are not claims for recovery of benefits, but are only peripherally or remotely related to the ERISA plan. Plaintiffs submit that the state claims stem from negligent and wrongful acts that occurred long before the denial of

3

benefits. But the primary issue for resolution is related to the award of benefits under Ball's group life insurance policy. All of the other issues are directly related to that policy, which both parties concede is an ERISA plan.

Plaintiffs cite Marks v. Newport Credit Group, Inc., 342 F.3d 444 (6th Cir. 2003), for the proposition that ERISA's preemption is not comprehensive. Some claims can be joined in a suit alleging ERISA violations without being preempted by ERISA. Id. In Marks, a state law breach of contract claim was allowed to proceed alongside ERISA claims. Id. at 453. But the facts of Marks are largely distinguishable from this case. The primary distinguishing factor is that the breach of contract claim at issue in Marks related to the plaintiff's employment contract. Id. Here, the contract at issue is the ERISA plan itself. While the contract claim in Marks was found to be peripheral, the contract at issue here is the contract for the provision of benefits which is at the root of this matter. See id.

The Sixth Circuit has explained:

> Such claims are preempted if they 'relate to' an ERISA plan whether or not they were so designed or intended. Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir.)[citation omitted]. Nor is it relevant to an analysis of the scope of federal preemption that appellants may be left without remedy. Caterpillar Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Cromwell v. Equicor-Equitable HCA Corp. 944 F.2d 1272, 1276 (6th Cir.1991). As explained in Cromwell, when state claims are related to an ERISA plan, the claims are preempted by ERISA itself. Such is the case here, where all the claims are related to ERISA benefits or the administration of an ERISA plan. This is a situation where state law claims are preempted by ERISA's federal regulation. See 29 U.S.C. § 1144(a).

## Conclusion

For all the reasons stated herein, it is hereby ordered that Defendant's Motion to Dismiss State Law Claims is GRANTED [DN 24].

cc: counsel of record